**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven L. RUSSELL, Defendant–Appellant.**

**No. 03–3096.**

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Dana M. Peters, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Isabella Dixon Thomas, Columbus, OH, for Defendant–Appellant.

Steven L. Russell, Manchester, KY, pro se.

Before: NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

## ORDER

Steven L. Russell pled guilty to distributing cocaine base and to using or carrying a firearm during a drug-trafficking offense. *See* 18 U.S.C. § 924(d)(1); 21 U.S.C. § 841(a)(1). On January 9, 2003, he was sentenced to 216 months of imprisonment and five years of supervised release. It is from this judgment that Russell now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Russell's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Russell may wish to argue that he was denied the effective assistance of counsel at sentencing. Russell has filed a response to this motion, but he has not raised any other issues for appeal.

The rearraignment transcript shows that Russell was represented by counsel and that he was competent to enter a guilty plea. The district court established that he understood his rights, the nature of the charges, and the consequences of his plea. Russell indicated that his plea was voluntary, and he acknowledged a sufficient factual basis for his plea. Under these circumstances, we conclude that there are no viable grounds for challenging his guilty plea on direct appeal.

The presentence report indicated that Russell had a total offense level of 31 and a criminal history category of IV, which yielded a guideline range of 151 to 181 months of incarceration for his drug charge and a consecutive term of sixty months for his firearm charge. Russell did not object to the report or raise any significant legal arguments at his sentencing hearing. Thus, he has forfeited any sentencing claims that he may have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

The 156–month sentence that Russell received for his drug conviction fell at the

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

748

low end of the applicable guideline range, and it also fell below the statutory maximum of life imprisonment that was authorized by 21 U.S.C. § 841(b)(1)(A)(iii). The consecutive sixty-month sentence that he received for his firearm conviction was mandated by statute. *See* 18 U.S.C. § 924(c)(1)(A)(I). No fines were imposed, and a five-year term of supervised release was required by statute. § 841(b)(1)(A)(iii). Hence, any direct challenge to Russell's sentence would be unavailing.

Counsel suggests that Russell may wish to argue that his attorney should have moved for a downward departure from the applicable guideline range because his criminal history category was higher than had been anticipated by the plea agreement. However, the agreement plainly stated that the court was not bound by the parties' estimate of the applicable range. Moreover, there is no indication that the sentencing judge was unaware of his discretion to depart downward in appropriate cases. Finally, counsel did move for a sentence at the low end of the guideline range based on the unanticipated increase in Russell's criminal history category.

■ There is nothing in the present record which might indicate that counsel's performance was deficient in a constitutional sense. Thus, any Sixth Amendment claim that Russell might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.